CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY
COMPANY *v.* BOARD OF COMMISSIONERS OF
COUNTY OF DELAWARE

[No. 16,327. Filed May 10, 1940. Rehearing denied
June 19, 1940. Transfer denied October 8, 1940.]

*Rollin Warner, Ray W. Clark* and *Everett Warner,* all of Muncie; (*S. W. Baxter* and *C. P. Stewart,* both of Cincinnati, Ohio, of counsel), for appellant.

*Corbett McClellan* and *Sidney McClellan,* both of Muncie, for appellee.

BRIDWELL, P. J.—In the year of 1922, and prior thereto, appellant owned and operated a railroad which extended through Delaware county, Indiana, in an easterly and westerly direction. That portion of the railroad system between Muncie and Winchester, Indiana, was being improved by the building of an additional main track, and the making of certain grade reductions. The railroad intersected a public highway (a gravel road commonly known as the Luce Road) in said county of Delaware, and the crossing prior to the improvements was at grade. On June 6, 1922, appellant filed with the Public Service Commission of Indiana, its petition seeking an order for the separation of grades at said crossing, by carrying the highway over the railroad tracks. Appellee filed answer to this petition, and, after a hearing, such an order was made, and it was further ordered "that from the total expense of constructing said overhead crossing, there first be deducted the additional expense of such separation occasioned by reason of the additional main line track

and that the remainder of the expense be borne one-fourth by the County and three-fourths by the petitioners." Appellant constructed the bridge carrying the highway over the railroad tracks, and thereafter filed with the county auditor of Delaware county its claims against the county (two in number) to recover one-fourth the expense of constructing said overhead crossing; a third claim for the cost of repairing approaches to the bridge erected was likewise filed, but appellant "waives any question as to this claim." All these claims were disallowed by appellee. An appeal to the Delaware Circuit Court from the judgments disallowing the respective claims followed. In the Circuit Court the three appeals were consolidated for trial and tried by the court, the trial resulting in a decision in favor of appellee. Judgment was rendered "that plaintiff take nothing upon the claims sued upon herein," and that the defendant recover costs.

Appellant duly filed its motion for a new trial, asserting as causes therefor (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. This motion was overruled, appellant excepted, and perfected this appeal, assigning as error the overruling of said motion.

The evidence is not conflicting. It establishes the facts heretofore summarized, and in addition thereto, there was introduced in evidence certified copies of the petition filed by appellant with the Public Service Commission, the answer thereto by appellee, the finding and order made by said commission after hearing held, following notice thereof to the interested parties, and at which all parties were present and participated. It is also proved by evidence which is not disputed that appellant constructed a concrete bridge, in accordance

with plans and specifications it had submitted to the Public Service Commission at the place of intersection of its railroad tracks and said public highway, carrying the highway over the railroad tracks at a total expense of $16,058.57, the extra expense occasioned by constructing the bridge over its additional main track not being included; that the amount expended for this purpose was reasonable, and was the actual cost of construction; that no part of the cost of construction has been paid by Delaware county, as required in the order made by the said Public Service Commission. It is stipulated by the parties "that the records of the board of commissioners of the county of Delaware, Indiana, contain no record whatever concerning the approval of the plans and specifications referred to as Exhibits 2 and 3 in the order of the Public Service Commission." The evidence further discloses that at the hearing held before the Public Service Commission on August 7, 1922, copies of the plans and specifications for the construction of the bridge at the intersection were submitted to the representatives of Delaware county who attended such hearing, among whom were the county engineer (surveyor), the county attorney, and two members of the board of commissioners of the county, and copies of such plans and specifications were left with the county surveyor. It is not proven that Delaware county at any time, through any authorized representative, ever approved the plans and specifications submitted by appellant, but it appears from the evidence that said county just failed to act in this connection. It (the county) through its officers knew that the bridge was being constructed, and oral consent to the closing of the Luce Road during the period of construction was given by its board of commissioners.

In the proceedings before the Public Service Com-

mission, as a part of its general finding, the commission, after reciting the filing of appellant's petition, and of appellee's answer thereto, summarized the averments of each, made its finding concerning pertinent and material facts embraced within the issues, and concluded as follows:

"Petitioner submitted plans and specifications for a separation, such plans and specifications being a part of the record in this cause marked Exhibits No. 2 and 3. The estimated cost of separating the grades under this plan is $22,400.00. This plan consists of a concrete overhead structure with proper clearances and with a gravel roadway approaching and extending to and over the bridge. The approaches, under this plan will be on a five per cent grade, sixteen feet wide, and will begin three hundred and fifty to four hundred feet from the bridge itself. Iron railings will be placed on either side of the approaches.

"The evidence shows that the difference between the cost of such a structure over a single and over a double track would be approximately $700.00. It seems reasonable that the County should not bear any of the additional expense which is caused solely by reason of the double tracking. The net cost deducting this $700.00 would be estimated at $21,700.00 and the portion which the county would be required to pay under this estimate would be $5,340.00.

"The Commission, being fully advised in the premises, is of the opinion and finds, that the topography of the ground at the crossing in question together with the fact that the crossing hereinabove described, after the reconstruction of petitioner's tracks is completed, will be dangerous to life, the safety and accommodation of the public requires that the grades at such crossing should be separated by constructing the highway over the railroad substantially as described in the plans and specifications submitted as Exhibits No. 2 and 3. The Commission is of the opinion and finds that the additional cost of such separation necessitated by reason of the construction of an additional track

paralleling the present track, now estimated at $700.00, should be deducted from the total cost of such separation and that the remainder of the expense should be borne one-fourth by the County of Delaware and three-fourths by the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company.

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA, that the grade crossing formed by the line of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company crossing the north and south highway in Liberty Township, Delaware County, known as the 'Luce' road at a point approximately nine hundred feet south of the Delaware County infirmary, be separated by bringing the said highway over the railroad.

"IT IS FURTHER ORDERED, that from the total expense of constructing said overhead crossing, there first be deducted the additional expense of such separation occasioned by reason of the additional main line track and that the remainder of the expense be borne one-fourth by the County and three-fourths by the petitioner.

"IT IS FURTHER ORDERED, that the plans and specifications submitted by petitioner, and marked Exhibits Nos. 2 and 3, be and they are tentatively approved.

"IT IS FURTHER ORDERED, that petitioner be and it is required to submit such plans and specifications to the County Engineer and County Commissioners of Delaware County for their examination. If the parties hereto are unable to agree upon the plans and specifications for the grade separation this cause will be reopened for further consideration of that particular matter. If the parties hereto agree upon the plans and specifications for the grade separation a copy of such plans and specifications shall be filed with the Commission bearing the written approval of both parties.

"IT IS FURTHER ORDERED, that the separation of the grades herein ordered shall be completed by not later than January 1, 1923."

After the making of the above order, no further proceedings were had before said commission. No petition for rehearing was filed, as provided for by our statute (§ 55-112, Burns' 1933), by either the appellant or the appellee, and the order entered was never set aside or modified, nor was any attempt made by either party to reopen the proceedings.

The Public Service Commission of this state had jurisdiction of the subject-matter, and authority to order a separation of the grade crossing involved. (§§ 55-1801 to 55-1809, Burns' 1933.) Our statute in force at the time provided that the expense occasioned by any such separation of grades be borne one-fourth by the county and three-fourths by the railroad company. (§ 55-1804, Burns' 1933.) The procedure followed before the Public Service Commission to invoke its action has been recognized and approved, by our Supreme Court in a cause where the Board of Commissioners of a county in this state had before it a petition for improvement of a public highway under the County Unit Road Law, and filed with said commission its petition for a separation of grades at a point where said highway and the railroad involved crossed "by building an overhead bridge over the railroad tracks at said point." See *E. I. & T. H. Railroad Company* v. *Bd. of Commrs. of Gibson County* (1936), 210 Ind. 74, 199 N. E. 583.

The question presented for decision is whether or not appellant, under the facts disclosed by the record, may recover from appellee its statutory proportion of the expense incurred by appellant in constructing the overhead crossing.

It is contended by appellee that the Public Service Commission did not in its order prescribe the manner in which the separation of grades should be accom-

plished; that the order was conditional upon the approval by appellee and its engineer of the plans and specifications for the grade separation; that since the order failed to "determine and define" the manner of accomplishing the thing ordered done, it is "absolutely void." We are not convinced that the contentions made are tenable and should be upheld.

It was decided by the Public Service Commission, as evidenced by its finding upon which the order is based, that "the grades at such crossing should be separated by constructing the highway over the railroad *substantially* as described in the plans and specifications submitted as Exhibits No. 2 and 3." In its order these same plans were tentatively approved and their submission to the county engineer and county commissioners of Delaware county required. The order further provided: "If the parties hereto are unable to agree upon the plans and specifications for the grade separation, this cause will be reopened *for further consideration of that particular matter.* If the parties hereto agree upon the plans and specifications for the grade separation, a copy of such plans and specifications shall be filed with the commission, bearing the written approval of both parties." (Our italics.)

Considering the entire record, we are of the opinion that the order of the Commission was of sufficient definiteness and finality to warrant appellant in proceeding to separate the grades according to the plans and specifications submitted to and tentatively approved by said commission for that purpose. The first, second and fifth paragraphs are certainly definite and final, and provide for the separation of the grade, how the cost of such separation shall be borne, and when the work should be completed. The other two paragraphs must be considered in connection

with the entire order. It seems to us that by paragraphs three and four the Commission merely indicated that if the parties, or either of them, upon further consideration, after the hearing, decided that some alteration in such plans and specifications was desirable or needed, the way was left open for the submission to the Commission of their views concerning "that particular matter," otherwise the work to be done as proposed by appellant.

No petition for a rehearing having been filed, no objections or suggestions of any nature having been offered by either party to the proceedings, we, in view of this, are of the opinion that the order of the Commission stood unmodified, and became a final order, *requiring* a separation of the grade of appellant's railroad tracks and the highway involved in the manner provided by the plans and specifications tentatively approved by the Commission.

Since the order and the applicable statute each impose upon Delaware county the duty of bearing one-fourth of the expense of separating the grades, and the undisputed evidence shows that appellant performed this work, paid the entire expense incurred, duly filed its claims to recover from Delaware county the county's proportionate part thereof, established by uncontradicted evidence that the amount expended in constructing the overhead crossing was the reasonable and actual cost of construction, and that no part of same has been paid to it by the county, we conclude that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and that further proceedings be consistent with this opinion.

NOTE.—Reported in 27 N. E. (2d) 89.